# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MICHAEL P. YOUNG,

                              Petitioner,

v.

DEPARTMENT OF JUSTICE, et al.,

                              Respondents.

Case No. 2:25-cv-00875-GMN-EJY

**ORDER**

This *pro se* case comes before the Court on Michael P. Young's "Habeas Corpus to Witness 2:25-ms-05000 as an Eminent Domain Proceeding." (ECF No. 1-1.)  It appears that Young seeks to challenge the State's taking of his property without his consent, arguing that such takings violate the Nevada Constitution. (*Id*.)  It also appears that Young seeks to assert a counterclaim in case number 2:25-ms-05000. (*Id*.)

On January 15, 2025, Young sent correspondence to this Court.  (*See* ECF No. 5 in 2:25-ms-05000.)  This correspondence lacked a case number, so it was filed under "Correspondence Returns" and then returned to Young.  Because (1) case number 2:25-ms-05000 is a generic case number used for filing various miscellaneous correspondence, meaning there can be no counterclaim asserted, and (2) an allegation of a violation of the Nevada Constitution is a matter for the state court, this Court is unable to provide relief to Young, so it dismisses this action.

However, upon review of the Eighth Judicial District Court for the State of Nevada's online docket search, it appears that Young has been charged with Robbery, Comprehensive Theft, and Obstructing a Public Officer in case number C-24-386232-1.  In that case, on January 6, 2025, the state court entered an order of commitment, and on March 10, 2025, it granted the State's motion

to involuntarily medicate Young.  And based on his filings in the instant case, it appears that Young is currently located at a Southern Nevada Adult Mental Health Services location. (*See* ECF No. 1-1 at 1.)  Given these facts, the Court notes that Young may desire to file a 28 U.S.C. § 2241 petition, so the Court kindly requests that the Clerk of Court provide the appropriate forms to Young.  If Young desires to commence a § 2241 habeas action, he must commence a new action in this Court by filing a completed § 2241 petition and either pay the $5 filing fee or file an application for leave to proceed *in forma pauperis* ("IFP").

It is therefore Ordered that the "Habeas Corpus to Witness 2:25-ms-05000 as an Eminent Domain Proceeding" (ECF No. 1-1) is dismissed without prejudice.  A certificate of appealability is denied, as jurists of reason would not find dismissal of this matter to be debatable or wrong.

It is further Ordered that the Clerk of Court is kindly directed to (1) send Young one blank copy of the form petition for a writ of habeas corpus under 28 U.S.C. § 2241 along with instructions and one blank copy of the IFP Application form for inmates along with instructions; (2) seal the "Habeas Corpus to Witness 2:25-ms-05000 as an Eminent Domain Proceeding,"[1] (ECF No. 1-1); (3) enter judgment dismissing this action without prejudice; and (4) close this case.

Dated:  May 23, 2025

_____
Gloria M. Navarro, Judge
United States District Court

_____

[1] Young's social security number appears on page 1 of this filing.